**PRATT v. OBERMAN & CO., Inc.**

No. 10802.

Circuit Court of Appeals, Eighth Circuit.

May 5, 1937.

Malcolm F. Halliday, Atty., National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, and A. Norman Somers, Atty., National Labor Relations Board, all of Washington, D. C., on the brief), for appellant.

Frank C. Mann, of Springfield, Mo. (W. T. Ragland and Ragland, Otto & Potter, all of Jefferson City, Mo., and Mann, Mann & Miller, of Springfield, Mo., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and MUNGER, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court for the Western District of Missouri granting a preliminary injunction restraining the appellant, as Acting Regional Director of the National Labor Relations Board, from enforcing, as against appellee, the provisions of the National Relations Act (c. 372, 49 Stat. 449, approved July 5, 1935, 29 U.S.C. §§ 151–166, 29 U.S.C.A. §§ 151–166).

The appellee is a Missouri corporation engaged in the business of manufacturing at Jefferson City, Mo., and Springfield, Mo. It employs some 850 persons. The appellant, as an Acting Regional Director of the National Labor Relations Board issued and caused to be served upon appellee a com-

---

plaint charging the appellee with certain unfair labor practices defined in the act. The appellee brought this suit in equity, praying for an injunction to restrain the appellant, the members of the Labor Relations Board, and its agents and agencies, from further prosecution of the complaint or interference with appellee in connection therewith, on the ground that the act was unconstitutional as applied to it.

The assignment of errors presents two broad issues here: The existence of the necessary bases for equitable jurisdiction, and the validity of the National Labor Relations Act.

At the time this case was submitted, this court was advised that there were pending in the Supreme Court a series of cases involving the validity of the act, which would shortly be determined. The Supreme Court has now determined the act to be valid. National Labor Relations Board v. Jones & Laughlin Steel Corporation, 57 S.Ct. 615, 81 L.Ed.——; National Labor Relations Board v. Friedman-Harry Marks Clothing Company, Inc., 57 S.Ct. 645, 81 L.Ed. ——. The principles announced in those cases are applicable to this case and are controlling.

We do not examine the issue here as to the existence of equitable jurisdiction. Even if such jurisdiction existed at the time the injunctional order was entered, the decree must obviously be reversed upon the issue of the validity of the act, since the appellee, whether subject to the act or not, is required to avail itself of the remedies therein provided, the adequacy of which remedies can no longer be questioned.

The order appealed from is reversed and the case remanded with directions to the court below to enter a decree dismissing the suit.